IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUD PETTIGREW, | ) CASE NO. 4:11CV3166 |
| Plaintiff, | ) SECOND AMENDED COMPLAINT, JURY DEMAND and CERTIFICATE OF SERVICE |
| vs. | ) |
| CHERRY COUNTY, NEBRASKA SCHOOL DISTRICT No. 6 a/k/a CHERRY COUNTY SCH DIST 006, a/k/a VALENTINE COMMUNITY SCHOOLS and f/k/a VALENTINE RURAL HIGH SCHOOL, | ) |
| Defendant. | ) |

COMES NOW the Plaintiff, by and through his attorney, and for his second amended complaint and causes of action against the Defendant states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to the plaintiff by the Age Discrimination in Employment Act (ADEA) and the Nebraska Unjust Discrimination in Employment Because of Age Act.

2. Jurisdiction of this Court is invoked pursuant to the federal statute referenced herein.

3. Plaintiff filed a complaint with the Nebraska Equal Opportunity Commission (NEOC) and the United States Equal Opportunity Commission (EEOC) with respect to the allegations set forth herein as well as other allegations. The NEOC found reasonable cause to believe that the Defendant retaliated against Bud Pettigrew after he engaged in one or more protected activities. The NEOC and EEOC issued their right to sue letters on August 19, 2011 and September 1, 2011, respectively. Plaintiff Bud Pettigrew has fulfilled all administrative requisites and has filed this action in a timely manner.

PDF created with pdfFactory trial version www.pdffactory.com

4.     At all times relevant, Bud Pettigrew was a resident of the State of Nebraska.

5.     At all times relevant, the Defendant was a political subdivision, to-wit: a public school system and/or public school district operating within Cherry County, State of Nebraska. Upon information and belief, sometime during the last ten years, the Defendant Valentine Rural High School was consolidated with other schools and thereafter changed its name to Valentine Community Schools.  The Defendant is properly named pursuant to the state and federal statutes set forth herein.

6.     All discriminatory and retaliatory actions occurred within the State of Nebraska.

7.     Since 2005 through the present,  Plaintiff has engaged in numerous protected activities as that term is defined by the federal and state laws referenced herein, including, but not limited to, filing charge(s) of age discrimination and/or retaliation against the Defendant with the NEOC and/or EEOC and/or reporting and/or opposing the discriminatory and/or retaliatory conduct of the Defendant and/or participating in investigation(s) regarding the defendant's discriminatory and/or retaliatory conduct and/or filing an age discrimination and/or retaliation lawsuit against the Defendant.

8.     In August, 2009, Mr. Pettigrew applied for and was approved to be a substitute teacher for the Defendant school district. Upon information and belief, Mr. Pettigrew was the only substitute teacher applicant who was not hired to substitute teach for the Defendant during the 2009/2010 school year nor has he been hired anytime thereafter.  Upon information and belief, Mr. Pettigrew was the only substitute teacher applicant to engage in one or more protected activities which involved the Defendant.  A motivating factor in the Defendant's refusal to hire Mr. Pettigrew as a substitute teacher was his participation in one or more protected activities.

PDF created with pdfFactory trial version www.pdffactory.com

The defendant's conduct was and is retaliatory and illegal. The Defendant's illegal actions have continued from 2009 through the present.

9. In February, 2010, Plaintiff Bud Pettigrew applied for a full-time social studies teacher position with the Defendant. Bud Pettigrew was qualified for the position he sought with the Defendant. Notwithstanding his endorsements and credentials, the Defendant rejected Bud Pettigrew's application for employment. Upon information and belief, the Defendant hired an applicant who had not engaged in one or more protected activities which involved the Defendant. A motivating factor in the Defendant's refusal to hire Mr. Pettigrew for the full-time social studies teacher position was Mr. Pettigrew's participation in one or more protected activities. The defendant's conduct was retaliatory and illegal.

10. During the 2009/2010 school year and continuing through the present, Bud Pettigrew sought approval from the Defendant to serve as a volunteer assistant football coach for the defendant's junior high football team. Notwithstanding Mr. Pettigrew's credentials and contrary to the Defendant's volunteer policy, the Defendant denied Mr. Pettigrew's volunteer request. A motivating factor in the Defendant's decision(s) to reject Bud Pettigrew's request to volunteer coach was Mr. Pettigrew's participation in one or more protected activities. The defendant's illegal and retaliatory actions were and are a continuing violation of state and federal law.

11. The aforementioned retaliatory acts were done while the Defendant's employees, administrators and/or school board members were acting in the scope and course of their employment and/or elected term of office with the Defendant.

PDF created with pdfFactory trial version www.pdffactory.com

12.     As a result of the Defendant's illegal conduct, Bud Pettigrew has sustained lost wages and the value of job related benefits. Said monetary damages will continue to accrue into the future.

13.     At all time relevant, Defendant was aware of its duty and obligations under the aforementioned statutes.  The Defendant's conduct was willful and/or reckless.  Liquidated damages are appropriate under federal law.

## COUNT I

Plaintiff incorporates paragraphs 1 through 13 as if fully set forth herein.

14.     Plaintiff's participation in one or more protected activities was a motivating factor in the defendant's decisions to reject Bud Pettigrew's applications for a full-time teaching position, substitute teaching position and/or volunteer coach position.  Said retaliatory actions are illegal, continuing and are in violation of the Age Discrimination in Employment Act.

15.     As a direct and proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered significant lost wages and value of job related benefits. Said damages will continue to be incurred into the future.

16.     Defendant's actions were done willfully and/or recklessly in violation of the federal law referenced herein.  Liquidated damages, prejudgment interest and all other damages allowed under federal law are appropriate.

## COUNT II

Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

17.     Plaintiff's participation in one or more protected activities was a motivating factor in the defendant's decision(s) to reject Bud Pettigrew's applications for a full-time teaching position, substitute teaching position and/or volunteer coach position.  Said retaliatory actions are

PDF created with pdfFactory trial version www.pdffactory.com

illegal, continuing and are in violation of the Nebraska Unjust Discrimination in Employment Because of Act.

18.     As a direct and proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered significant lost wages and value of job related benefits. Said damages will continue to be incurred into the future.

**WHEREFORE**, Plaintiff respectfully requests that this Court assume jurisdiction herein as to count alleged herein and grant the following relief:

a.      Declare the conduct of the Defendant to be violative of Bud Pettigrew's statutory right to be free from illegal retaliation;

b.      Direct the Defendant to place the plaintiff in the position(s) he sought with all back pay and the value of all job related benefits to which he is entitled, including interest thereon and/or award him front pay according to law;

c.      Award the Plaintiff liquated damages under federal law and/or prejudgment interest in an amount to be determined by the jury or the court;

d.      Award the Plaintiff all other damages allowed under law which is appropriate under the circumstances;

e.      Enjoin the Defendant from any further retaliation against the Plaintiff;

f.      Award the Plaintiff costs and reasonable attorney's fees and such other relief as the Court deems just, reasonable and appropriate to correct the wrongs done to the Plaintiff.

```
              FOR:  BUD D. PETTIGREW, Plaintiff

              BY:   _s/Kathleen M. Neary_____
                    VINCENT M. POWERS & ASSOCIATES
                    Vincent M. Powers    15866
                    Kathleen M. Neary    20212
                    411 South 13th Street, Suite 300
                    Lincoln, NE   68508
```

PDF created with pdfFactory trial version www.pdffactory.com

(402) 474-8000

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial in Lincoln, Nebraska.

   s/Kathleen M. Neary

**CERTIFICATE OF SERVICE**

     The undersigned certifies that on this 20th day of October, 2011 she filed the above and foregoing second amended complaint with the United States District Court using the CM/ECF case filing system which sent copies to all counsel of record.

   s/Kathleen M. Neary

PDF created with pdfFactory trial version www.pdffactory.com