IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUD PETTIGREW,<br><br>             Plaintiff,<br><br>vs.<br><br>VALENTINE COMMUNITY SCHOOLS, CHERRY COUNTY SCHOOL DISTRICT NO. 16-0006,<br><br>             Defendants. | 4:11CV3166<br><br>**AMENDED MEMORANDUM AND ORDER**<br>**(To Correct Response Deadlines In The Order)** |
| BUD PETTIGREW,<br><br>             Plaintiff,<br><br>vs.<br><br>CHERRY COUNTY SCHOOL DISTRICT NO. 16-0006, THAYER COUNTY SCHOOL DISTRICT NO. 85-0070,<br><br>             Defendants. | 4:12CV3159 |

The following discovery objections and motions are pending:

- 4:12cv3159, (Filing No. 12): The Nebraska Department of Labor's ("NDOL") Objection to the Subpoena Duces Tecum served by defendant Cherry County School District ("Cherry County"), and

    4:11cv3166, (Filing No. 82); 4:12cv3159, (Filing No. 21): Cherry County's related Motion to Compel NDOL's Compliance with the Subpoena.

- 4:12cv3159, (Filing Nos. 13 & 16):  Thayer County School District's ("Thayer County") Objection to the Subpoena Duces Tecum and Motion to Quash served by Cherry County School District ("Cherry County"); and

    4:11cv3166, (Filing No. 79); 4:12cv3159, (Filing No. 18): Cherry County's related Motion to Compel Thayer County's Compliance with the Subpoena.

- 4:11cv3166, (Filing No. 84); 4:12cv3159, (Filing No. 23):  Cherry County's Objection to the Plaintiff's Subpoena served on the North Platte Public Schools for production of documents relating to Jamie Isom's application for employment as a superintendent for North Platte Public Schools.

1) **<u>Plaintiff's Subpoena</u>**.

The plaintiff has served notice of his intent to serve a subpoena on the North Platte Public Schools to obtain:

> All documents relating to Jamie Isom's application for employment (position of Superintendent only) including resume, cover letter, employment related questionnaire or other required application documents and interview notes (documents related to grades received, health related information and/or financial information may be redacted from the subpoenaed documents produced).

4:11cv3166, (Filing No. 77). Cherry County has objected to the proposed subpoena, arguing that Jamie Isom is a full-time employee of Valentine Community Schools but is not a party to this lawsuit, and the requested material is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. 4:11cv3166, (Filing No. 84).

The relevance of the requested information is not readily apparent to the court. Since this case is being progressed to a February trial date, a prompt decision is needed. The court will set a hearing on this matter.

2) **<u>Cherry County Subpoenas</u>**.

Cherry County provided notice of its intent to serve subpoenas for plaintiff's employment records on Thayer Central Community Schools, Kimball Public Schools, and the Nebraska Department of Labor on September 19, 2012. 4:12cv3159, (Filing No. 8). The plaintiff did not object to the notice. Cherry County served the subpoenas. The Nebraska Department of Labor and Thayer County have filed objections to the subpoenas.

2

Department of Labor records.

The Nebraska Department of Labor claims the records sought are confidential under state law, and since the defendant may not have pre-paid the full amount needed to reimburse the State for production of the records, the State is entitled to withhold the records pursuant to 20 CFR §603.8(d). Cherry County asserts that pursuant to state law, the State must disclose the records in response to a court order; it has prepaid $40.00 to the NDOL and will advance or reimburse the NDOL for any additional costs for making the disclosure; and if necessary, Cherry County is willing to enter into confidentiality agreement and protective order limiting disclosure of any information produced.

Thayer County records

Thayer County asserts:

> The documents requested by [Cherry County] are part of [the plaintiff's] personnel file" within the meaning of NEB. REV. STAT. § 79-8,109 and, therefore, may "not be divulged in any manner to any unauthorized person." If the Court orders the school district to produce the subpoenaed documents, then the school district respectfully requests that the Court, as part of its order, permit the school district to redact the names of any students or other personally identifiable information regarding any students mentioned in those documents.

4:12cv3159, (Filing Nos. 13 & 16). As with the NDOL records, Cherry County asserts the plaintiff's employment records are relevant and "[t]o the extent that Thayer claims said documents are confidential, Defendant is willing to enter into an agreeable protective order and confidentiality agreement." (Filing No. 18).

Based on the arguments of record, the court will order the Nebraska Department of Labor and Thayer County to comply with the subpoenas, subject to Cherry County's compliance with the conditions of the order set forth below and any protective order entered hereafter by the court.

Accordingly,

IT IS ORDERED:

1) Regarding Cherry County School District's objections to the plaintiff's proposed subpoena, (4:11cv3166, (Filing No. 84) and 4:12cv3159, (Filing No. 23)), a telephonic hearing before the undersigned magistrate judge will be held on **October 19, 2012** at **2:00 p.m.** The hearing will be held on the record. The court will provide call-in instructions for participation in the hearing.

2) Regarding the Nebraska Department of Labor's objections to Cherry County School District's subpoena, (4:12cv3159, (Filing No. 12) and 4:11cv3166, (Filing No. 82)), and Cherry County School District's related motion to compel, (4:12cv3159, (Filing No. 21)):

   a. On or before **October** 22, 2012:

      i.. The Nebraska Department of Labor shall provide a statement of the total costs it will incur for producing the documents requested in the subpoena served by Cherry County School District, and shall serve that statement on counsel for Cherry County School District; and

      ii. The Nebraska Department of Labor, Cherry County School District, and the plaintiff shall discuss whether a protective order is needed, and if so, shall either submit that proposed order to the undersigned magistrate judge for approval, or if they cannot agree on whether a protective order is needed or the language of that order, they shall contact the chambers of the undersigned magistrate judge to set a hearing on the issue.

   b. Once the pre-payment of production costs is made by Cherry County School District in accordance with the State's demand, and any necessary protective order, if any, is entered, the Nebraska Department of Labor shall immediately produce the records in compliance with the subpoena.

3)      Regarding the Thayer County School District's objections to Cherry County School District's subpoena (4:12cv3159, (Filing Nos. 13 & 16)), and Cherry County School District's related motion to compel, (4:11cv3166, (Filing No. 79); 4:12cv3159, (Filing No. 18)):

     a.      On or before **October** 22, 2012, Thayer County School District, Cherry County School District, and the plaintiff shall discuss whether a protective order is needed, and if so, shall either submit that proposed order to the undersigned magistrate judge for approval, or if they cannot agree on whether a protective order is needed or the language of that order, they shall contact the chambers of the undersigned magistrate judge to set a hearing on the issue.

     b.      Once any necessary protective order, if any, is entered, Thayer County School District shall immediately produce the records in compliance with the subpoena.

October 15, 2012.

                                         BY THE COURT:

                                         *s/ Cheryl R. Zwart*
                                         United States Magistrate Judge