IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUD PETTIGREW,<br><br>        Plaintiff,<br><br>    vs.<br><br>VALENTINE COMMUNITY SCHOOLS, CHERRY COUNTY SCHOOL DISTRICT NO. 16-0006,<br><br>        Defendants. | 4:11CV3166<br><br>**MEMORANDUM AND ORDER** |
| BUD PETTIGREW,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHERRY COUNTY SCHOOL DISTRICT NO. 16-0006,<br><br>        Defendant. | 4:12CV3159 |

Defendant Cherry County School District moves the court for an order striking Plaintiff's request for a jury trial. 4:12CV3159, (Filing No. 14). Cherry County argues that it is a public school district and a Nebraska political subdivision, and as such, the Plaintiff is not entitled to a trial by jury under Neb. Rev. Stat. § 13-907 of the Nebraska Political Subdivisions Tort Claims Act. The plaintiff argues Nebraska statutory law allows suits against political subdivisions for employment discrimination, and an employee has the right to a jury trial in such cases.

The plaintiff's complaint seeks both injunctive and monetary remedies. Pettigrew is not entitled to a jury trial on his claims for equitable relief, (Curtis v. Loether, 415 U.S. 189, 198 (1974)), and there is no right to a jury trial in actions filed by or against a Nebraska political subdivision. Westcott v. City of Omaha, 1988 WL 383125, *2 (D. Neb. 1988) (striking the City's jury demand in an action seeking damages against the City under Nebraska tort law) (Kopf, M.J.); Buss v. Douglas, 59 F.R.D. 334 (D.Neb.1973)

(striking the jury demand of the defendant public officials in an action to recover damages under 42 U.S.C. § 1983) (Urbom, J.). See also Villaneuva v. City of Scottsbluff, 2012 WL 45406, 1 (D. Neb. 2012) (striking plaintiff's jury demand in actions damages under 42 U.S.C § 1983 and common law negligence theories) (Zwart, M.J); Ojeda v. City of Scottsbluff, 2008 WL 5100210, 1 (D. Neb. 2008) (striking plaintiff's jury demand in an action seeking recovery under Title VII for racial discrimination) (Piester, M.J.); Rohren v. Centennial Public School Dist. 67-R, 2007 WL 4118943, 1 (D. Neb. 2007) (striking plaintiff's jury demand in an ADEA action against a Nebraska public school) (Piester, M.J.); Frosh ex rel. Rohrbouck v. North Platte Public Schools, 2006 WL 3388642, *1 (D. Neb. 2006) (holding there was no right to jury trial on plaintiff's IDEA claim against a Nebraska school district) (Thalken, M.J.); Harders v. Grand Island Public Schools, 2006 WL 2528524, *1 (D. Neb. 2006) (holding there was no right to jury trial on plaintiff's FMLA claim against a Nebraska school district) (Piester, M.J.).

As explained in the foregoing cases, the plaintiff has neither a statutory nor a constitutional right to a jury trial on his claims against Cherry County. When determining the jury trial rights afforded under the Seventh Amendment, the court looks to English common law. The common law of England did not permit jury trials against public officials and, accordingly, the Seventh Amendment does not permit a jury trial against a State and its subdivisions. Westcott, 1988 WL 383125, *2. Moreover, while Nebraska waived its sovereign immunity when it adopted the Political Subdivision Tort Claims Act, (Neb. Rev. Stat. § 13-902), it prohibits a trial by jury in such cases. Neb. Rev. Stat. § 13-907 states:

> Jurisdiction, venue, procedure, and rights of appeal in all suits brought under the Political Subdivisions Tort Claims Act . . . shall be determined in the same manner as if the suits involved private individuals, except that such suits shall be heard and determined by the appropriate court <u>without a jury</u>.

Neb. Rev. Stat. § 13-907 (emphasis added).

An employee who files suit for employment discrimination against a private sector employer is entitled to a jury trial, (Billingsley v. BFM Liquor Management, Inc., 259 Neb. 992, 613 N.W.2d 478 (Neb. 2000)), but Pettigrew seeks recovery from Cherry County School District, a Nebraska political subdivision. Nebraska has waived its right to assert sovereign immunity from lawsuits against political subdivisions for employment discrimination, (Neb. Rev. Stat. §48-1010), but §48-1010 does not address or grant the right to a jury trial in such cases. Nebraska's Political Subdivisions Tort Claims Act prohibits a jury trial in actions against its political subdivisions, and the plaintiff has no Seventh Amendment right to a jury trial.

Accordingly,

IT IS ORDERED that the defendant's motion to strike plaintiff's jury demand, (4:12CV3159, (Filing No. 14)), is granted.

October 15, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.