IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BUD PETTIGREW,

        Plaintiff,

vs.

VALENTINE COMMUNITY SCHOOLS,
CHERRY COUNTY SCHOOL DISTRICT
NO. 16-0006,

        Defendants.

4:11CV3166

**MEMORANDUM AND ORDER**

The following motions are pending before me:

Filing No. 56:    Plaintiff's motion for an order compelling Duane Kime to appear for a deposition in Valentine, Nebraska.

Filing No. 60:    Plaintiff's motion for a credibility hearing.

Filing No. 70:    Plaintiff's motion to strike the defendant's motion for summary judgment as untimely.

Filing No. 128:    Plaintiff's motion to strike the defendant's amended index of evidence on the plaintiff's motion for credibility hearing.

Filing No. 130:    Defendant's motion to strike plaintiff's reply brief and evidence in support of plaintiff's motion to compel deposition testimony and motion for sanctions and plaintiff's motion for credibility hearing and for sanctions.

Filing No. 133:    Plaintiff's motion for an order allowing the plaintiff's untimely filing of his reply briefs and evidence offered in support of his motion to compel deposition testimony and motion for credibility hearing.

For the reasons discussed below, the plaintiff's motion, (Filing No. 133) will be granted. The remaining motions will be denied.

BACKGROUND

The plaintiff filed a motion for summary judgment on July 9, 2012. (Filing No. 46). At the parties' request, a settlement conference was scheduled to be held July 14, 2012 in North Platte. At the time the settlement conference was held, the plaintiff had only one lawsuit pending against the defendants.

At the close of the settlement conference, the parties and the court believed a settlement had been reached subject to approval by the defendant's school board. On July 16, 2012, the court entered an order which confirmed the settlement and stayed "[a]ll deadlines in this case, including the defendant's deadline for responding to the plaintiff's pending summary judgment motion and its deadline for filing a summary judgment motion." (Filing No. 52).

The defendant prepared and submitted to the plaintiff a proposed settlement agreement covering all claims for "damages sustained by the Plaintiff as a result of the employment dispute, as relating to the school year 2009-2010, as more fully set out in the Third Amended Complaint filed by the Plaintiff in the United States District Court, District of Nebraska, Case No, 4:11-CV-3166." (Filing No. 120-2, at CM/ECF p. 2). However, by August 2, 2012, a dispute arose over the scope of the settlement agreement. (Filing No. 120-3). Specifically, the plaintiff believed the settlement covered only the plaintiff's claim arising from the 2009-2010 school year, while the defendant believed that the parties had settled all claims arising from alleged discriminatory conduct "from 2009 through the present." (Filing No. 12 (Third Amended Complaint), at CM/ECF p. 3, ¶ 10). [1]

---

[1] Adding to the confusion, the defendant's insurer for the type of claims at issue changed after the 2009-10 school year, and the defense counsel, as selected by the insurers, for the 2009-10 school year and for the time period thereafter are different.

On August 2, 2012, the plaintiff filed a separate lawsuit to recover the damages caused by defendant's alleged discriminatory conduct occurring after the 2009-10 school year. 4:12-cv-03159-RGK-CRZ, Pettigrew v. Cherry County School District No. 16-0006 a/k/a Valentine Community Schools and f/k/a Valentine Rural High School.

During a conference call held on August 15, 2012, the undersigned magistrate judge acknowledged that she believed only the 2009-2010 claims had been settled, but further acknowledged that she was not present during many of the confidential discussions between defense counsel and their client—particularly toward the end of the extensive settlement discussions—and was therefore not in a position to summarily find that defendant's interpretation of the settlement terms was not credible. The underlying question involved defining the scope of the plaintiff's Third Amended Complaint, which alleges in detail the facts related to the 2009-2010 school year, but does state the alleged discriminatory conduct continued thereafter. The court concluded that based on the information available, as to those persons present at the settlement conference, there was clearly no meeting of the minds as to an essential term of the settlement; that being the scope of the claims subject to final dismissal.

Thus, the case was placed back on the docket for further progression to trial, but since the plaintiff's motion for summary judgment was still pending; the defendant had not responded to the plaintiff's motion or filed its own motion; and the plaintiff intended to file a separate case against the defendant for the years after the 2009-10 school year, no order setting progression deadlines was entered on the record.

The plaintiff immediately filed a motion to compel the deposition of Duane Kime, a member of defendant's school board, who had not appeared for his deposition noticed to be held on June 13, 2012 in Chadron, Nebraska. (Filing No. 58-1, at CM/ECF p. 2, ¶ 10; Filing No. 58-8). Plaintiff's counsel requested an order requiring Mr. Kime to be produced for his deposition in Valentine, Nebraska, with Defendant required to pay

plaintiff's counsel for her reasonable attorney fees to travel to and from Valentine, Nebraska to depose Mr. Kime, and for the actual deposition time, along with the reasonable and associated costs for travel, hotel and meal expenses for plaintiff's counsel and the court reporter. (Filing No. 58-1, at CM/ECF p. 3, ¶¶ 28-29).

The plaintiff also moved for a credibility hearing, stating "[o]n or about August 2, 2012, it appears that the school district and defense attorney Terry Waite attempted to lengthen the release of the settlement documents," and if the court finds the defendant representatives' statements regarding the settlement agreement are not credible, the plaintiff requests sanctions. (Filing No. 60).

The defendant moved for summary judgment on August 31, 2012. (Filing No. 66). The plaintiff moved to strike the defendant's motion for summary judgment on September 4, 2012, asserting the defendant's motion was untimely filed. (Filing No. 70).

In light of the numerous motion filings and the tenor of the motions, before an answer was even filed in plaintiff's second case, the court scheduled a telephonic hearing to discuss further case scheduling for both cases, with defendant's counsel for the second case attending as a courtesy to the court. The court determined the two cases were related, and an order was entered setting a trial and pretrial conference date for both cases. 4:11cv3166, filing no. 73; 4:12cv3159, filing no. 4. During a planning conference held on October 9, 2012, the court set briefing deadlines for the numerous pending motions in 4:11cv3166, and the anticipated motions in 4:12cv3159.

On November 8, 2012, in case number 4:11cv3166, the plaintiff moved to strike the defendant's brief (Filing No. 68) filed in support of defendant's motion for summary judgment and in opposition to the plaintiff's motion for summary judgment, (Filing No. 104), arguing the defendant failed to comply with the court's local rules requiring the

defendant include "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried." (Filing No. 105). The plaintiff also requests that that he be afforded an opportunity to respond to the defendant's motion for summary judgment if the court denies his motions to strike the defendant's motion for summary judgment and supporting brief. (Filing No. 106).[2]

During the November 29, 2012 trip to conduct discovery in 4:12cv3159, Duane Kime was deposed in Valentine, Nebraska. (Filing No. 124-1, at CM/ECF p. 1, ¶ 3). During the deposition, Mr. Kime testified that was never told about his June 13, 2012 deposition in advance of that date.

On November 30, 2012, the defendant submitted briefs and evidence opposing the plaintiff's motions to compel and the plaintiff's motion for a credibility hearing. (Filing Nos. 119, 120, 121, & 122). The defendant's index of evidence in opposition to the motion for credibility hearing listed 18 exhibits, but 19 exhibits were actually attached; specifically, exhibit nineteen was not listed in the index. (Filing No. 120). On December 12, 2012, the defendant filed an amended index (but no new exhibits) to correct this discrepancy. (Filing No. 127). The plaintiff has moved to strike the amended index because it was filed without leave of the court. (Filing No. 128).

The plaintiff filed reply briefs and supporting evidence on the motion for credibility hearing and the motion to compel on December 11, 2012. (Filing Nos. 123-126). The defendant moved to strike these filings as untimely, claiming they were

---

[2] The defendant also filed a reply brief and motion to strike "inadmissible evidence" offered in opposition to the plaintiff's motion for summary judgment. (Filing No. 107). The presiding judge, Judge Kopf, will consider the reply brief and will decide if the evidence offered by the defendant is admissible when he reviews the pending dispositive motions. To the extent the plaintiff entitles a portion of filing number 107 as a "motion to strike," the arguments go to the merits of the motion for summary judgment and not issues of procedure. Filing 107 will not be decided by the undersigned magistrate judge.

actually due on December 7, 2012. (Filing No. 130). The plaintiff has moved for leave to file his replies out of time. (Filing No. 133).

On December 28, 2012, the defendant filed a brief described as:

> a) Brief in Opposition to the Plaintiff's Motion to Allow Plaintiff to File Reply Briefs and Evidence in Support of His Motion to Compel Deposition Testimony and Motion for Credibility Hearing Out of Time (filing #133 and Brief, #134), and b) its Reply Brief in Support of its Motion to Strike and Alternative Motion.

(Filing No. 136). The defendant filed evidence in support of its opposition to the considering plaintiff's reply brief filed four days late. On January 9, 2013, the plaintiff filed a reply to the defendant's motion to strike the plaintiff's untimely filed reply brief. (Filing No. 138).[3]

The court denies the plaintiff's motion to strike the defendant's index of evidence, (Filing No. 128), and has considered the amended index (Filing No. 127) as if it had been filed along with the exhibits at filing number 120. The court denies filing number 130, the defendant's motion to strike the plaintiff's untimely filed reply briefs and indexes of evidence. The court grants plaintiff's motion to file a reply out of time, (Filing No. 133), and has considered filing numbers 123, 124, 125, and 126 in ruling on the pending motions.

The plaintiff moves the court to convene a credibility hearing to determine if the defense representatives at the July 14, 2012 settlement conference are being untruthful about their understanding of the settlement terms. But to what end? Irrespective of what the terms were, the settlement itself was subject to board approval. From the tenor of this

---

[3] For its part, the court is hopeful the dust has finally settled. Currently, deciphering the docket sheet and filing captions is harder than deciding the merits of the motions.

6

case, it is clear the school board would never have approved the settlement if the plaintiff's version of the terms been presented. Even if the court holds a hearing and concludes the defense representatives when attended the conference knew the settlement agreement covered only the 2009-10 school year, there will still be no settlement of this case. But there would be additional animosity and resentment—which will not further either party's interest. The plaintiff's motion for a credibility hearing, (Filing No. 60), is denied.

The plaintiff has also moved to compel the deposition of Duane Kime. (Filing No. 56), which was not initially completed in June of 2012 due to a miscommunication. That deposition has now been taken, and it was taken in conjunction with the depositions in 4:12cv3159. Therefore, the plaintiff did not incur additional time and expense for travel to Valentine, Nebraska to obtain Mr. Kimes deposition, or to take the deposition itself. The motion to compel and for sanctions, (Filing No. 56), is denied.

The plaintiff has moved to strike the defendant's motion for summary judgment, filed on August 31, 2012, as untimely. (Filing No. 70). Citing filing number 32, the plaintiff argues the defendant's summary judgment deadline was July 20, 2012. But immediately following the settlement conference, the court entered an order staying "[a]ll deadlines in this case, including the defendant's deadline for responding to the plaintiff's pending summary judgment motion and its deadline for filing a summary judgment motion. . . ." (Filing No. 52). A new deadline was not set by court order before the defendant's dispositive motion was filed. The plaintiff's motion to strike the defendant's motion for summary judgment as untimely, (Filing No. 70), is denied.

The plaintiff moves to strike the defendant's brief in support of their summary judgment motion and opposing the plaintiff's summary judgment motion for failure to comply with the local rules. (Filing No. 104). The plaintiff claims the brief does not

7

contain the pinpoint references to evidence opposing the plaintiff's statement of evidence. The plaintiff further requests that if the brief is not stricken, that he be given leave to file an opposing brief.

The undersigned magistrate judge is not aware of any court rule requiring a brief be stricken in its totality for failing to correctly cite opposing evidence. More importantly, that decision is not mine to make. However, in light of all of the confusion in this record, the court will set a deadline for plaintiff's response to defendant's motion for summary judgment in 4:11cv3166.

Accordingly,

IT IS ORDERED:

1) The plaintiff's motion for an order compelling Duane Kime to appear for a deposition in Valentine, Nebraska and request for sanctions, (Filing No. 56), is denied.

2) The plaintiff's motion for a credibility hearing, (Filing No. 60), is denied.

3) The plaintiff's motion to strike the defendant's amended index of evidence relating to the plaintiff's motion for credibility hearing, (Filing No. 128), is denied.

4) The defendant's motion to strike plaintiff's reply briefs and indexes of evidence, (filing nos. 123, 124, 125, and 126) as untimely, (Filing No. 130), is denied.

5) The plaintiff's motion, (Filing No. 133), is granted, and the court has considered his untimely reply briefs and indexes of evidence, (filing nos. 123, 124, 125, and 126) in ruling on the motions herein.

6) The plaintiff's motion to strike the defendant's motion for summary judgment as untimely, (Filing No. 70), is denied. The plaintiff's response to the defendant's motion for summary judgment (4:11cv3166, Filing No.

66), shall be filed on or before January 28, 2013.  Any reply thereto shall be filed on or before February 7, 2013.[4]

January 14, 2013

                BY THE COURT:

                *s/ Cheryl R. Zwart*
                United States Magistrate Judge

---

[4] Based on the court's interpretation of the docket, irrespective of the names on the docket sheet and in the document captions, to date, the summary judgment filings in case number 4:11cv3166 are:

| | |
|---|---|
| (Filing No. 46) | Plaintiff's motion for summary judgment on liability; |
| (Filing No. 47) | Plaintiff's index of evidence in support of summary judgment; |
| (Filing No. 48) | Plaintiff's brief in support of summary judgment; |
| (Filing No. 66) | Defendant's motion for partial summary judgment; |
| (Filing No. 68) | Defendant's brief in opposition to the plaintiff's motion for summary judgment and in support of the defendant's motion for summary judgment; |
| (Filing No. 104) | Plaintiff's motion to strike defendant's brief, and supporting briefs (Filing Nos. 105 & 106); |
| (Filing No. 107) | Plaintiff's objections to defendant's evidence and supporting brief; |
| (Filing No. 112) | Defendant's brief opposing plaintiff's motions to strike the defendant's summary judgment motion filings plaintiff's evidentiary objections; and |
| (Filing No. 116) | Plaintiff's reply regarding his motions to strike. |