IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUD PETTIGREW, | ) | 4:11CV3166 |
| | ) | 4:12CV3159 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHERRY COUNTY SCHOOL | ) | |
| DISTRICT NO. 16-0006, | ) | |
| | ) | |
| Defendant. | ) | |

In a memorandum and order entered on October 15, 2012 (filing 87),[1] Magistrate Judge Cheryl R. Zwart granted Defendant's motion to strike Plaintiff's demand for a jury trial in Case No. 4:12CV3159 (filing 14). Plaintiff filed a statement of objections on October 26, 2012 (filing 98), followed by an amended statement of objections filed the next day (filing 99).[2] Judge Zwart's order is subject to review pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2.

Plaintiff objects that "(1) the Magistrate Judge's Order failed to properly apply and/or interpret controlling Nebraska statutes and case law which guarantees Pettigrew a right to jury trial on his claims arising under Nebraska law; (2) the Magistrate Judge's order misinterprets and/or fails to apply controlling authority regarding Pettigrew's right to a jury trial on his claims arising under the ADEA; [and] (3) the Magistrate Judge's Order inappropriately relied on the Nebraska Political Subdivision Tort Claims Act in denying Pettigrew's right to a jury trial." (Filing 99

---

[1] Except as otherwise indicated, all references are to filings in Case No. 4:11CV3166 (the "lead case"). *See* Memorandum and Order entered on October 10, 2012 (filing 78), consolidating cases and specifying filing procedure.

[2] It appears that only a minor change in wording was made at the last line on page 2 of the statement of objections, for purposes of clarification.

at 1)³ Upon careful review, I find that Plaintiff's objections should be denied for the reason that Judge Zwart's order is not clearly erroneous or contrary to law.

Even though Defendant's motion to strike was filed in Case No. 4:12CV3159 only, Case No. 11CV3166 involves the same type of claims and the cases have been consolidated for trial. Because Plaintiff has no Seventh Amendment right to a jury trial on any claim alleged in either case, his demand for a jury trial in both cases will be stricken pursuant to Federal Rule of Civil Procedure 39(a)(2) ("When a jury trial has been demanded under Rule 38, . . . [t]he trial on all issues so demanded must be to a jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.").

Accordingly,

IT IS ORDERED:

1. Defendant's statement of objections (filings 98, 99) is denied.

---

³ The amended complaint filed in Case No. 4:12CV3159 contains two counts: (1) a state-law claim brought under the Nebraska Age Discrimination in Employment Act (erroneously identified in the amended complaint by its pre-2007 name, *i.e.*, the "Nebraska Unjust Discrimination in Employment Because of Age Act."), Neb. Rev. Stat. §§ 48-1001 to 48-1010, and (2) a federal-law claim brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. The third amended complaint filed in Case No. 4:11CV3166 also alleges state and federal ADEA claims. Defendant is a public school district and a political subdivision of the State of Nebraska. Under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13–901 to 13–927, suits against political subdivisions "shall be determined in the same manner as if the suits involved private individuals, except that such suits shall be heard and determined by the appropriate court without a jury." Neb. Rev. Stat. § 13–907.

2. The Magistrate Judge's order entered on October 15, 2012 (filing [87](#)), is sustained and shall not be disturbed.

3. Plaintiff's demands for a trial by jury in Case Nos. 4:11CV3166 and 4:12CV3159 are stricken; all claims shall be tried to the court sitting without a jury.

January 30, 2013.        BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.