IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUD PETTIGREW, | ) | 4:11CV3166 |
| | ) | 4:12CV3159 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHERRY COUNTY SCHOOL | ) | |
| DISTRICT NO. 16-0006, | ) | |
| | ) | |
| Defendant. | ) | |

These consolidated cases are before the court on cross-motions for summary judgment (Case No. 4:11CV3166, filings 46, 65, 66; Case No. 4:12CV3159, filings 47, 78).[1] Related motions include: (1) the plaintiff's motion to strike the defendant's motion for summary judgment in Case No. 4:11CV3166 (filing 104), which motion will be denied; (2) the plaintiff's motion to strike evidence in Case No. 4:11CV3166 (filing 107), which motion will also be denied; and (3) motions by both parties for leave to file restricted access documents in Case No. 4:12CV3159 (filings 75, 84),[2] which motions will be granted.

The cross-motions for summary judgment in Case No. 4:11CV3166 are limited to the issue of the defendant school district's liability for failing to hire the plaintiff as a substitute teacher during the 2009-2010 school year. The plaintiff claims he was not hired in retaliation for filing an age discrimination lawsuit against the district in this court in 2008 (Case No. 4:08CV3084) and complaining to the Nebraska Equal Opportunity Commission and the United States Equal Employment Opportunity Commission. Similarly, the plaintiff's motion for summary judgment in Case No. 4:12CV3159 is limited to the issue of the defendant's liability for failing to hire the

---

[1] Filings 65 and 66 in Case No. 4:11CV3166 are duplicate filings.

[2] The restricted access documents are filed pursuant to protection orders that were entered by the court in Case No. 4:12CV3159 (filings 33, 55).

plaintiff as a substitute teacher during the 2010-2011 school year. It is again alleged that the failure to hire was retaliatory. The defendant's motion for summary judgment in Case No. 4:12CV3159 likewise concerns its alleged liability for failing to hire the plaintiff as a substitute teacher during the 2010-2011 school year, but additionally addresses the plaintiff's claims that the district retaliated against him by not allowing the plaintiff to serve as a volunteer assistant football coach in 2010, and by not hiring the plaintiff as a full-time social sciences teacher and coach in 2011.[3] The defendant asserts that all of its decisions were supported by legitimate business reasons.

After carefully reviewing the parties' briefs and the record, I find there are genuine issues of material fact that preclude the entry of summary judgment for either party.[4] *See* Fed.R.Civ.P. 56(a).

Accordingly,

IT IS ORDERED:

1.  With respect to Case No. 4:11CV3166, that:

    a.  Filing 46, Plaintiff's motion for summary judgment, is denied;

---

[3] The defendant's motion also addresses a stray allegation in the plaintiff's amended complaint about his house being vandalized in 2011.

[4] In an effort to resolve this matter expeditiously, I have elected not to discuss my findings in detail. While there is no separate summary judgment standard for employment discrimination cases, *see Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010), these cases are particularly fact intensive, as demonstrated by the hundreds of pages of briefs and thousands of pages of evidentiary materials that have submitted by the parties. It is not the court's role on summary judgment to resolve triable questions of material fact. *See Montin v. Estate of Johnson*, 636 F.3d 409, 414 (8th Cir. 2011).

    b.    Filings 65 and 66, Defendant's motion for summary judgment, are denied;

    c.    Filing 104, Plaintiff's motion to strike Defendant's motion for summary judgment, is denied; and

    d.    Filing 107, Plaintiff's motion to strike Defendant's evidence, is denied.

2.    With respect to Case No. 4:12CV3159, that:

    a.    Filing 47, Plaintiff's motion for summary judgment, is denied;

    b.    Filing 75, Plaintiff's motion for leave to file restricted access documents, is granted;

    c.    Filing 78, Defendant's motion for summary judgment, is denied; and

    d.    Filing 84, Defendant's motion for leave to file restricted access documents, is granted.

February 12, 2013.    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.